UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL RODRIGUEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CHRISTIAN PFEIFFER, et al.,<br><br>　　　　Defendants. | Case No. 1:21-cv-00572-JLT-EPG (PC)<br><br>ORDER DISCHARGING ORDER FOR PLAINTIFF TO SHOW CAUSE WHY DEFENDANT NGOZI IGBINOSA SHOULD NOT BE DISMISSED WITHOUT PREJUDICE FOR FAILURE TO COMPLETE SERVICE<br><br>(ECF No. 35)<br><br>ORDER GRANTING IN PART PLAINTIFF'S REQUEST TO EXTEND TIME FOR SERVICE AND REQUIRING SERVICE ON DEFENDANT IGBINOSA WITHIN 60 DAYS OF THIS ORDER<br><br>(ECF No. 36) |

　　　　Plaintiff Manuel Rodriguez ("Plaintiff) is proceeding through counsel in this action pursuant to 42 U.S.C. § 1983.

**I.　　ORDER TO SHOW CAUSE**

　　　　On February 23, 2022, the Court issued an order requiring Plaintiff to show cause why Defendant Ngozi Igbinosa should not be dismissed without prejudice for failure to timely complete service on this defendant. (ECF No. 35.) Plaintiff was directed to file either a return of service or written response within fourteen days. (*Id.*)

　　　　On February 24, 2022, Plaintiff's counsel filed a declaration stating that he "overlooked service on Defendant Igbinosa, a fact which [counsel] apologizes for." (ECF No. 36.) After the Court issued its order to show cause, Plaintiff's counsel contacted the remaining defendants'

1

counsel to determine if they would accept service of the complaint, but was informed that they could not do so. (*Id.*) Plaintiff's counsel has sent a copy of the First Amended Complaint, request for waiver, and a waiver to Kern Valley State Prison, where the other defendants were served. (*Id.*) If this is not successful, Plaintiff's counsel will retain a process server to serve Defendant Igbinosa. (*Id.*)

In light of counsel's response, the Court will discharge the order to show cause.

## II.     REQUEST TO EXTEND SERVICE DEADLINE

Plaintiff's counsel's declaration also requests that the Court give Plaintiff additional time to serve Defendant Igbinosa. (ECF No. 36.)

Rule 4 of the Federal Rules of Civil Procedure governs service of the summons and complaint and provides, in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Thus, a showing of good cause requires the Court to grant an extension of time for service. (*Id.*) Counsel's mistake, inadvertence, or oversight does not constitute good cause for an extension of time under Rule 4(m). *Wei v. State of Hawaii,* 763 F.2d 370, 372 (9th Cir. 1985). Absent a showing of good cause, the Court also has discretion under Rule 4(m) to either order that service be made within a specified time or to dismiss the action without prejudice. Fed. R. Civ. P. 4(m); *see also In re Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001) ("[U]nder the terms of the rule, the court's discretion is broad.").

Here, the First Amended Complaint was filed on November 16, 2021, and summons as to Defendant Igbinosa issued on November 17, 2021. (ECF Nos. 22, 23.) More than 90 days have elapsed since the First Amended Complaint was filed, and Plaintiff has not served Defendant Igbinosa with the summons and complaint. In his declaration, Plaintiff's counsel states that he "apparently overlooked" service of Defendant Igbinosa until after the Court issued its order to show cause. Plaintiff's counsel's declaration does not provide any further detail regarding the

reasons for and circumstances of counsel's oversight.[1]

Counsel's mistake or oversight does not constitute good cause for an extension of time under Rule 4. *See Wei,* 763 F.2d at 372 (reasoning that Rule 4(m) "is intended to force parties and their attorneys to be diligent in prosecuting their causes of action" and if an attorney's mistake were to constitute good cause then "the good cause exception would swallow the rule").

However, the Court will not recommend dismissal of Defendant Igbinosa at this time and will instead exercise its discretion to order that service be made within 60 days of entry of this order. Failure to serve Defendant Igbinosa within 60 days may result in sanctions, including a recommendation that this defendant be dismissed without prejudice.

### III. CONCLUSION AND ORDER

In light of the foregoing, IT IS HEREBY ORDERED that:

1. The Court's February 23, 2022 order (ECF No. 35) for Plaintiff to show cause why Defendant Igbinosa should not be dismissed without prejudice is discharged;
2. **Plaintiff's request (ECF No. 36) for an extension of time to serve Defendant Igbinosa is granted in part.  Plaintiff shall serve Defendant Igbinosa with the summons and complaint within sixty (60) days of entry of this order.**

**Plaintiff is cautioned that failure to comply with this order may result in the dismissal of Defendant Igbinosa.**

IT IS SO ORDERED.

Dated:  **March 7, 2022**                    /s/ Erica P. Grosjean
                                              UNITED STATES MAGISTRATE JUDGE

---

[1] Defendants Michael Felder and Christian Pfeiffer filed a motion to dismiss on December 7, 2021, which noted that Defendant Igbinosa had not yet been served. (*See* ECF No. 29-1 at 7.) Plaintiff's opposition to the motion to dismiss did not address service of Defendant Igbinosa. (*See* ECF No. 32.)

3