UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL RODRIGUEZ, | Case No.  1:21-cv-00572-JLT-EPG (PC) |
| Plaintiff, | ORDER DENYING MOTION FOR STIPULATED PROTECTIVE ORDER WITHOUT PREJUDICE |
| v. | |
| C. PFEIFFER, *et al.*, | (ECF No. 61). |
| Defendants. | |

On January 25, 2023, the parties filed a Stipulated Protective Order. (ECF No. 61). The Introduction Section states:

> Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information, including records of the California Department of Corrections and Rehabilitation ("CDCR") and California Health Care Facility ("CHCF") that could threaten the safety and security of individuals, and for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties stipulate to and petition the Court to enter the following Stipulated Protective Order ("Order"). The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery, and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 12.3 below, that this Order does not entitle them to file confidential information under seal; General Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

(ECF No. 61-1, p. 1-2).

In the definition section, "'Confidential—Attorneys' Eyes Only' Information or Items" is defined as "information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection and includes confidential information that has not been made immediately available to the general public by the plaintiffs, CDCR, or CHCF, and constitutes or discloses information which threatens safety or security of a prison or individual." (*Id.* at 2).

Having reviewed the Stipulated Protective Order, the Court finds that it does not comply with Eastern District of California Local Rule 141.1(c), which requires that every proposed protective order contain the following provisions:

> (1) A description of the types of information eligible for protection under the order, with the description provided in general terms sufficient to reveal the nature of the information (e.g., customer list, formula for soda, diary of a troubled child);

> (2) A showing of particularized need for protection as to each category of information proposed to be covered by the order; and

> (3) A showing as to why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties.

L.R. 141.1 (c). Here, the stipulation provides a description of the type of information eligible for protection under the order (i.e., information not immediately available to the public that discloses information that threatens the safety or security of a prison or individual) that is too general to reveal the nature of information sought to be protected. Further, while the stipulation seeks to protect the disclosure of information that threatens the safety or security of a prison or individual, the stipulation fails to provide a showing of a particularized need for protection as to each category.

Accordingly, the parties' motion for Stipulated Protective Order (ECF No. 61) is DENIED, without prejudice to the parties refiling a stipulated protective order that complies with Local Rule 141.1(c).

IT IS SO ORDERED.

Dated:   **January 30, 2023**                    /s/ _Erica P. Grosjean_
                                                 UNITED STATES MAGISTRATE JUDGE