UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL RODRIGUEZ,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>C. PFEIFFER, *et al.*,<br><br>　　　　Defendants. | Case No.  1:21-cv-00572-JLT-EPG (PC)<br><br>ORDER GRANTING RENEWED MOTION FOR STIPULATED PROTECTIVE ORDER<br><br>(ECF No. 64). |

On February 2, 2023, the parties filed a Stipulated Protective Order. (ECF No. 64). The proposed protective order states:

> Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information, including records of the California Department of Corrections and Rehabilitation ("CDCR") and California Health Care Facility ("CHCF") that could threaten the safety and security of individuals, and for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Specifically, Plaintiff's Central File and discoverable CDCR records contain identifying personal information of CDCR staff; information regarding identities of confidential informants and investigative methods; and private medical information regarding third parties who obtained medical treatment regarding an incident in which Plaintiff was also involved

(ECF No. 64-1, p. 1).

In the definition section, "'Confidential—Attorneys' Eyes Only' Information or Items" is defined as "information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection and includes confidential information that has not been made

1

immediately available to the general public by the plaintiffs, CDCR, or CHCF, and constitutes or discloses information which threatens safety or security of a prison or individual." (*Id.* at 3). In support of this definition, the parties' stipulation states that, "[e]ach category of information has a particularized need for protection from disclosure." (*Id.* at 2). Further,

> [D]isclosing identifying information of correctional staff would make their addresses and phone numbers more readily discoverable. Protecting this information protects them and their family members from harassment, threats assault, retaliation, or other improperly motivated harm, including violent attacks. Second, disclosure of the identities of confidential informants and investigative techniques would mean that CDCR would not be able to control the private and privileged nature of these investigatory tools. Disclosure could both endanger the safety of the informants identified and thwart the security measures in place to maintain a safe and secure environment for staff and other inmates, and undermine CDCR's ability to prevent assaults, fights, riots, escapes, the transfer of contraband, or other illegal activities. For example, an inmate may face retribution from other inmates if identified as an informant, and such identification could have a chilling effect on inmates' future cooperation if they know their identities are at risk of becoming known to other inmates. Finally, disclosure of private medical information is strictly prohibited to protect the privacy rights of third parties. Thus, a protective order is needed to ensure against these harms, which might occur whether a disclosure is made responsive to a discovery request or inadvertently.

(*Id.*)

Having reviewed the Stipulated Protective Order, the Court finds that it complies with Eastern District of California Local Rule 141.1(c). Accordingly, the parties' renewed motion for Stipulated Protective Order (ECF No. 64) is GRANTED.

IT IS SO ORDERED.

    Dated:   **February 6, 2023**                /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE