UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRANCISCO MERINO,

    Plaintiff,

  v.

GOMEZ, et al.,

    Defendants.

No. 2:21-cv-00572-DAD-KJN (PC)

ORDER REGARDING PLAINTIFF'S NOTICE RE:SETTLEMENT FUNDS

(ECF No. 212)

    On October 17, 2023, the parties settled the instant action filed pursuant to 42 U.S.C. § 1983, at a settlement conference before Magistrate Judge Stanley A. Boone. (ECF No. 185.)

    On October 18, 2023, the action was dismissed with prejudice, pursuant to the parties' stipulation for voluntary dismissal. (ECF No. 190.)

    On December 1, 2023, the Court denied Plaintiff's motions to rescind the settlement agreement and reopen the case. (ECF No. 201.)

    On April 5 and April 8, 2024, Plaintiff filed motions for clarification regarding the settlement funds available in his prison trust account. (ECF Nos. 204, 205.)

    On April 15, 2024, Plaintiff filed another notice regarding the settlement funds, raising essentially the same contentions as his prior filings. (ECF No. 207)

    On May 16, 2024, the Court found that Plaintiff's motions for clarification were unfounded as the settlement funds were properly received and distributed, and no relief from the Court was warranted. (ECF No. 212.)

    On June 6, 2024, Plaintiff filed a notice inquiring whether it was "too late" for him to provide a Tax Identification Number (TIN) and states that he "hope[s] to get some of [his] settlement money back." (Id.) Plaintiff submits that he does have a TIN afterall and that he did not provide it earlier because he did not remember it. (Id.)

    Defendants filed a response on July 15, 2024. (ECF No. 215.) Defendants submit that

1

1  since the settlement funds have already been processed and the required back up tax withholdings
2  to the IRS and California Franchise Tax Board have already been paid, Plaintiff's only remedy
3  now is to "contact the agency where the backup tax withholdings funds have been sent … with
4  any further inquiries regarding a return or refund of the backup tax withholdings amounts already
5  sent to those agencies in connection with the settlement in this case." (Id. at 2.)  Accordingly,
6  because Plaintiff previously failed to provide certification that he did not have or could not
7  provide a social security number or TIN for the settlement payment and the settlement funds have
8  been processed, Plaintiff's only remedy is to either contact the IRS or the California Franchise
9  Tax Board, and there is no further relief that can be provided by the Court or Defendants.

IT IS SO ORDERED.

Dated:  **July 22, 2024**

_____
UNITED STATES MAGISTRATE JUDGE