**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MANUEL RODRIGUEZ, | Case No. 1:21-cv-00572-JLT-EPG |
| Plaintiff, | **ORDER ADOPTING FINDINGS AND RECOMMENDATIONS (Doc. 101) GRANTING IN PART, AND DENYING IN PART, DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Doc. 84)** |
| v. | |
| CHRISTIAN PFEIFFER, *et al.*, | |
| Defendants. | |

I.      **INTRODUCTION**

Manuel Rodriguez alleges that while he was incarcerated at Kern Valley State Prison during July 1-8, 2019, defendant nurses Elva Vitto LVN, Harpreet Singh RN, and Lawrence Aflague RN violated his Eighth Amendment rights by deliberate indifference to his complaints of severe pain accompanied by loss of sensation in his right upper extremity. Rodriguez alleges defendants denied and delayed access to a doctor including by improperly diagnosing his condition, allowing a spinal epidural abscess ("SEA") to develop compressing his spinal cord and rendering him an incomplete quadriplegic.

On December 29, 2023, defendants filed a motion for summary judgment. (Doc 84.) The motion is made on the grounds that defendants were not deliberately indifferent as alleged and that they are entitled to qualified immunity. (*Id.* at 1). On January 12, 2024, plaintiff filed opposition to the motion.[1]

---

[1] Defendants object to plaintiff's opposition proffer of an Office of the Inspector General Independent Prison Oversight Cycle 6 Medical Inspection Report dated February 2022 covering the period from July 2020 to

1

(Doc. 88). On February 21, 2024, defendants filed their reply including evidentiary objection and supplemental evidence. (Doc. 93).

On October 11, 2024, the assigned magistrate judge entered findings and recommendations that defendants' motion be granted as to defendant Vitto and denied as to defendants Singh and Aflague. (Doc. 101). That order informed the parties that they had thirty days within which to object to the findings and recommendations and thirty days within which to respond to objections. (*Id.* at 20). The parties were advised that "failure to file objections within the specified time may result in the waiver of rights on appeal." (*Id.* citing *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

On December 12, 2024, defendants Singh and Aflague filed objections to the findings and recommendations. (Doc. 104 at 5). On January 7, 2025, Plaintiff filed a response to defendants' objections. (Doc. 105).

II.    **DISCUSSION**

A.    **Defendant Vitto, LVN**

Plaintiff has not objected to the magistrate judge's finding that defendant Vitto was not deliberately indifferent to his serious medical needs and is entitled to summary judgment. (Doc. 101 at 8-9; Doc. 105). The magistrate judge correctly found that plaintiff did not point to facts that would allow a reasonable jury to find defendant Vitto acted with deliberate indifference to plaintiff's serious medical needs. (Doc. 101 at 7, 9, citing Defendants' Statement of Undisputed Facts ("DSUF") 1, 2, 4, 10, 86). The undisputed record otherwise supports the magistrate judge's findings. (*See e.g.,* DSUF and plaintiff's corresponding Response to DSUF ("RDSUF") 8, 93, 94; *see also In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (where the moving party meets its burden of proving an absence of evidence to support the non-moving party's case, the non-moving party "must come forth

December 2020 at KVSP  ("OIG Report" [Doc. 88-11]). (*See* Doc. 93 at 23-24). The magistrate judge in the findings and recommendations did not rely upon the OIG Report. The Court declines to take judicial notice of the contents of the OIG Report and has not considered it. Fed. R. Evid. 201; *Dasenbrock v. Enenmoh*, 2017 WL 6375635, at *10 (E.D. Cal. Dec. 12, 2017), *report and recommendation adopted*, 2018 WL 691755 (E.D. Cal. Feb. 1, 2018) ("While the report of the OIG is a public record whose authenticity is not in dispute, the information included in the report is not the type of evidence that is subject to judicial notice under Federal Rule of Evidence 201.")

with evidence from which a jury could reasonably render a verdict in the non-moving party's favor."); *Chavira v. Oh*, 2025 WL 2149340, at *2 (C.D. Cal. May 28, 2025), *report and recommendation adopted*, 2025 WL 2144833 (C.D. Cal. July 28, 2025) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 330 n.2 (1986)) ("The court need not entertain inferences that are unsupported by fact.").

On the undisputed record, defendant Vitto merely processed plaintiff's written request for a refill of his active prescription for ibuprofen following approval of the refill by the unit RN. The prison pharmacy refilled the prescription within minutes of defendant Vitto's email request and plaintiff received the refill. This all occurred without any personal clinical encounter between plaintiff and defendant Vitto. No facts suggest defendant Vitto was aware plaintiff had any further medical need or that defendant Vitto had responsibility to address any such further need. *See e.g.*, *Dunagan v. Case*, 2015 WL 5896122, at *3 (E.D. Cal. Oct. 6, 2015) ("[D]efendant must purposely ignore or fail to respond to a prisoner's pain or medical need in order for deliberate indifference to be established.").

The magistrate judge correctly found that plaintiff failed to carry his burden of demonstrating a dispute of material fact that defendant Vitto was deliberately indifferent to his serious medical condition by failure to refer him to a doctor, or otherwise. *In re Oracle Corp. Sec. Litig.*, 627 F.3d at 387.  Therefore, the Court adopts the magistrate judge's findings and recommendation and **GRANTS** defendant Vitto's motion for summary judgment.

**B.    Defendant Singh, RN**

Defendant Singh objects to the findings and recommendations on grounds the magistrate judge failed to:

> . . . account for the undisputed fact that Nurse Singh and Nurse Aflague never suspected a spinal epidural abscess, i.e., an infection in the central nervous system, as a possibility, let alone disregard such a risk. From start to finish, Nurse Singh and Nurse Aflague believed that Plaintiff had a musculoskeletal issue and treated him accordingly—as evidenced by the x-ray, the follow-up visit, and the ibuprofen prescription. Furthermore, Plaintiff's purposeful concealment of his intravenous drug use deprived Nurse Singh and Nurse Aflague of the opportunity to evaluate and provide treatment for any medical issues that may have been caused by it, and they made decisions regarding Plaintiff's medical care based on the information available to them at the time. Plaintiff's piecemeal report of his symptoms centered on his "horseplay" altercation with his cellmate, giving Nurse Singh and Nurse Aflague no reason to consider a type of infection caused by bacteria through needles.

3

(Doc. 104 at 5).[2] Plaintiff responds that the magistrate judge did not err because defendant Singh should have referred plaintiff to a doctor rather than exceeding his scope of practice by attempting to diagnose and treat plaintiff's symptoms, exercising and abusing standardless referral discretion. (Doc. 105 at 7-13). Plaintiff also distinguishes the caselaw proffered by defendant Singh to show he lacked the state of mind for deliberate indifference. (*Id. at 7-8* citing *Toguchi v Chung*, 391 F.3d 1051 (9th Cir. 2004).

The magistrate judge correctly found that disputed facts, construed in plaintiff's favor, could lead a reasonable jury to find defendant Singh was deliberately indifferent to plaintiff's complaints of severe radiating chest, neck and shoulder pain and loss of sensation in his hand, by not referring him to a doctor. (Doc. 101 at 9-15; *see also* DSUF & RDSUF 17, 19, 23, 24, 25, 27, 30; plaintiff's Further Disputed Fact ("FDF") and defendants' Response to FDF ("RFDF") 5, 19, 20, 21, 23, 27, 30, 31, 32, 33, 34; Doc. 84-14 at 29-30); *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (citing *Hutchinson v. United States,* 838 F.2d 390, 394 (9th Cir.1988)) (Deliberate indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care.").[3]

On these disputed facts, the magistrate judge observed defendants' reply proffer of California Department of Corrections and Rehabilitation practices and protocols and thereunder found a reasonable juror could find plaintiff's symptoms suggested a condition warranting referral to a doctor, not just an unspecified consultation with a doctor.[4] [5] *See Scott v. Beregovskaya,  2026 WL 353198*, at

---

[2] Defendants do not object to the magistrate judge's finding facts suggesting causation of harm to be undisputed. (*See* Doc. 101 at 7-8 citing DSUF & RDUF  52, 53, 57, 102); *see also Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).

[3] The Court overrules defendants' objections to plaintiff's FDF's as not directed to the supporting evidence and/or duplicative of Rule 56 standards. Rule 56(c)(2); *see also Holt v. Noble House Hotels & Resort, Ltd.*, 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019) ("[T]he court will not consider the parties' objections to the characterization of or purported misstatement of the evidence represented"); *id.* (citing *Hanger Prosthetics & Orthotics, Inc. v. Capstone Orthopedic, Inc.*, 556 F.Supp.2d 1122, 1126 n.1 (E.D. Cal. 2008)) ("[N]oting that the parties' evidentiary objections to [their adversary's] separate statements of undisputed facts are not considered because such objections should be directed at the evidence supporting those statements.").

[4] The Court corrects the Findings and Recommendations to reflect defendant Singh considered plaintiff's account of how he was injured. (See Doc. 84-4 at ¶¶ 6, 8; cf. Doc. 101 at 14).

[5] The Court takes judicial notice of the CDCR practices and protocols proffered with the defendants' reply brief. Fed. R. Evid. 201.

*5 (E.D. Cal. Feb. 9, 2026) (whether a doctor failed to meet the standard of care may be probative as to whether she acted with deliberate indifference).

Defendant Singh's re-argument in his objections that he lacked the state of mind required for deliberate indifference given plaintiff's alleged injury, failure to disclose IV drug use, and the results of Singh's examination, is not a basis to find magistrate judge error, for the reasons discussed above. Defendant Singh's re-argument implicates the unresolved facts to be considered and resolved by a jury under the subjective indifference prong, as the magistrate judge rightly observed. Defendant Singh's reliance upon *Toguchi* as authority otherwise is misplaced given the noted factual dispute as to defendant Singh's state of mind and subjective deliberate indifference. *See Toguchi*, 391 F.3d at 1060 (defendant MD did not know inmate was at risk of drug overdose); (Doc. 101 at 6).

The magistrate judge correctly found that plaintiff has carried his burden of demonstrating a dispute of material fact that defendant Singh was deliberately indifferent plaintiff's serious medical condition by failure to refer him to a doctor. *In re Oracle Corp. Sec. Litig.*, 627 F.3d at 387.  Therefore, the Court overrules defendant Singh's objection and **DENIES** the motion for summary judgment as to defendant Singh.

### C.    Defendant Aflague, RN

Defendant Aflague objects to the findings and recommendations on the same grounds asserted by defendant Singh. (Doc. 104 at 5).[6] Plaintiff responds that the magistrate judge correctly found defendant Aflague should have referred him to a doctor on a more urgent basis, rather than exceeding his scope of practice by attempting to diagnose and treat a musculoskeletal issue and exercising and abusing standardless referral discretion. (Doc. 105 at 7-13). Plaintiff again distinguishes defendants' reliance upon *Toguchi* as a basis to show Aflague lacked the state of mind for deliberate indifference. (*Id.*).

The magistrate judge correctly found disputed facts, construed in plaintiff's favor, that could lead a reasonable jury to find defendant Aflague was aware of symptoms of worsening severe and radiating pain and right side extremity loss of sensation, limited range of head movement, and admitted

[6] See n.3.

overuse of prescribed ibuprofen in an effort to treat the pain, warranting referral to a doctor on a more urgent basis. (Doc. 101 at 15-19); *see also* SDUF & RSDUF 37, 38, 39, 40, 45, 46, 48, 49, 50, 51). *Colwell*, 763 F.3d at 1066. On these disputed facts, the magistrate judge again observed defendants' reply proffer of CDCR practices and protocols and thereunder found plaintiff's continuing symptoms showed a condition warranting urgent, not routine, referral to a doctor. (Doc. 101 at 18-19). *See Scott, 2026 WL 353198*, at *5.

As was the case with defendant Singh above, defendant Aflague's re-argument in his objections that he lacked the state of mind required for deliberate indifference given plaintiff's alleged injury, failure to disclose IV drug use, and the results of Aflague's examination, is not a basis to find magistrate judge error. Defendant Aflague's re-argument implicates the unresolved facts to be considered and resolved by a jury under the subjective indifference prong, as the magistrate judge correctly observed. *Toguchi* is not authority otherwise, for the reasons stated. *See Toguchi*, 391 F.3d at 1060; (Doc. 101 at 6).

The magistrate judge correctly found that plaintiff has carried his burden of demonstrating a dispute of material fact that defendant Aflague was deliberately indifferent plaintiff's serious medical condition by failure to urgently refer plaintiff to a doctor. *In re Oracle Corp. Sec. Litig.*, 627 F.3d at 387. Therefore, the Court overrules defendant Aflague's objection **DENIES** this defendant's motion for summary judgment.

### D.   Qualified Immunity

Defendants Singh and Aflague object to the magistrate judge's findings and recommendation that they are not entitled to qualified immunity. These defendants argue there was no constitutional violation, but only the exercise of medical judgment. (Doc. 104 at 5, 14-16). They point to their proffer on summary judgment that they acted reasonably and met the requisite standard of care and did not violate clearly established law. (Doc. 84-1 at 28-29; Doc. 93 at 20-23).

Plaintiff responds by pointing to his argument opposing summary judgment that: the right of a convicted inmate to medical treatment for a serious medical need is established, and under the circumstances of this case, defendants would have been aware by both plaintiff's complaints and the medical history that they would be violating his rights by their failure to provide him with treatment

or access to medical care. (Doc. 105 at 13, citing Doc. 88 at 20-22).

The magistrate judge did not err in finding defendants Singh and Aflague were not entitled to summary judgment on grounds of qualified immunity. *See Sandoval v. County of San Diego*, 985 F.3d 657, 671 (9th Cir. 2021) (citing *Horton by Horton v. City of Santa Maria*, 915 F.3d 592, 599 (9th Cir. 2019)) (In determining whether a state official is entitled to qualified immunity in the context of summary judgment, the court considers (1) whether the evidence viewed in the light most favorable to the plaintiff is sufficient to show a violation of a constitutional right and (2) whether that right was "clearly established at the time of the violation."). The magistrate judge correctly found disputed facts, construed in plaintiff's favor, raising an inference that defendants Singh and Aflague were deliberately indifferent to plaintiff's complaints of severe radiating chest, neck and shoulder pain and loss of sensation in his hand, by not referring him to a doctor, for the reasons discussed above.

Furthermore, the magistrate judge correctly observed it is clearly established that a delay in access to medical care may constitute deliberate indifference to serious medical needs. (Doc. 101 at 19-20, citing *Clement v. Gomez*, 298 F.3d 898, 906 (9th Cir. 2002); *see also Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)) (A right is "clearly established" when, "at the time of the challenged conduct, the contours of a right are sufficiently clear that every reasonable official would have understood that what he is doing violates that right."); *DeFrancesco v. Robbins*, 136 F.4th 933, 939 (9th Cir. 2025) (citing *Tuuamalemalo v. Greene*, 946 F.3d 471, 477 (9th Cir. 2019)) (citing *District of Columbia v. Wesby*, 583 U.S. 48, 63 (2018)) ("The rule must be settled law, which means it is dictated by controlling authority or a robust consensus of cases of persuasive authority.") (internal quotation marks omitted). The magistrate judge correctly found that plaintiff carried his burden of demonstrating a dispute of material fact that defendants Singh and Aflague are not entitled to summary judgment on grounds of qualified immunity. *In re Oracle Corp. Sec. Litig.*, 627 F.3d at 387. Thus, the Court adopts the recommendation and orders that the motion for summary judgment based upon qualified immunity is **DENIED**.

According to 28 U.S.C. § 636(b)(1)(C), this Court conducted a de novo review of this case. Having carefully reviewed the entire matter, including defendants' objections to the magistrate judge's findings and recommendations and plaintiff's response thereto, the Court concludes the

findings and recommendations are supported by the record and proper analysis.

III.   **CONCLUSIONS**

Based on the foregoing, the Court **ORDERS**:

1.   The Findings and Recommendations issued on October 11, 2024 (Doc. 101) are **ADOPTED** in full.

2.   Defendants' Motion for Summary Judgment (Doc. 84) is **GRANTED** as to defendant Vitto and **DENIED** as to defendants Singh and Aflague.

3.   The parties are directed to meet and confer and file a joint status conference statement including discussion of remaining scheduling issues, including the pretrial conference and trial, **no later than 30 days from the date of this order**.

IT IS SO ORDERED.

Dated:   **March 17, 2026**

UNITED STATES DISTRICT JUDGE